IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW JEROME WURST, )<br>   Petitioner, )<br>)<br>v. )<br>)<br>SUPERINTENDENT OVERMYER, et al., )<br>   Respondents. ) | Civil Action No. 17-336 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

## **OPINION**[1]

Presently before the Court is the Respondents' motion to dismiss (ECF No. 5) the petition for a writ of habeas corpus that was filed by Andrew Jerome Wurst (the "Petitioner") pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). For the reasons set forth below, the Respondents' motion is granted, the Petitioner's claims are dismissed with prejudice, and a certificate of appealability is denied.

### **I.**

### **A. Relevant Background**

On September 9, 1999, the Petitioner appeared before the Court of Common Pleas of Erie on County and entered an open guilty plea to one count of third-degree murder, two counts of attempted murder, and related offenses arising from his involvement in a shooting death on April 24, 1998. The Petitioner was fourteen years old at the time he committed the crimes. The court imposed his sentence on the date he entered his plea. It sentenced him to an aggregate term of 30-60 years of imprisonment. The Petitioner did not seek direct review with the Superior Court of Pennsylvania. Accordingly, his

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

judgment of sentence became final on or around October 9, 1999, which is the date upon which the 30-day time limit for him to file an appeal expired. Pa.R.A.P. 903(a); Gonzalez v. Thaler, 565 U.S. 134, 149-54 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

On June 25, 2012, the Supreme Court of the United States decided Miller v. Alabama, 567 U.S. 460 (2012) and held that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments. More than three years later, on January 25, 2016, the Supreme Court held in Montgomery v. Louisiana, 136 S.Ct. 718 (2016) that Miller announced a substantive rule of constitutional law that applies retroactively to cases on collateral review.

On March 16, 2016, the Petitioner filed a *pro se* motion for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, in which he sought to challenge his judgment of sentence under Miller and Montgomery. The PCRA court denied his request for relief and on January 26, 2017, the Superior Court affirmed. (ECF No. 5-1, Commonwealth v. Wurst, No. 998 WDA 2016, slip op. (Pa.Super.Ct. Jan. 26, 2017)). It held that the holding in Miller and Montgomery did not apply to the Petitioner because he did not receive a life without the possibility of parole sentence. (Id. at 4-5).

The Petitioner filed his petition for a writ of habeas corpus (ECF Nos. 1, 2) with this Court, at the very earliest, on December 8, 2017, which is the date he placed it in the prison mailing system. He contends that his sentence violates the Eighth Amendment and in support he relies upon Miller and Montgomery. The Respondents filed a motion to dismiss (ECF No. 5) on the grounds that the Petitioner's claims are untimely under AEDPA's one-year statute of limitations. The Petitioner did not file a reply.

2

**B.      Discussion**

The Respondents are correct that the Petitioner's claims must be dismissed because he filed his petition outside of AEDPA's statute of limitations. AEDPA requires, with a few exceptions not applicable here, that habeas corpus claims under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A). As set forth above, the Petitioner's judgment of sentence became final on or around October 9, 2009. Therefore, he had one year from that date–until on or around October 9, 2010–to file claims challenging his judgment of sentence in a federal habeas petition. His claims, which he did not file with this Court until December 2017, are untimely by more than seven years.[2]

AEDPA does provide that the statute of limitations can also run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2244(d)(1)(C). That provision does not apply to this case because the Petitioner was not sentenced to a sentence of life without the possibility of parole and, therefore, the right recognized by the Supreme Court in Miller, and held to be retroactive in Montgomery, does not apply to him. If it did, his claims would still be untimely. That is because the Petitioner had to file a petition asserting a claim for relief under Miller within one year of the date that that case was decided by the Supreme Court—not one year from the date that the Supreme Court decided Montgomery. See, e.g., Brian R. Means, FEDERAL HABEAS MANUAL § 9A:31 WestlawNext (database updated June 2018) (citing Dodd v. United

---

[2] The United States Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. The Petitioner did not file a reply to the Respondents motion to dismiss and did not argue that he is entitled to equitable tolling.

States, 545 U.S. 353 (2005) and explaining that "[t]he one-year limitation period for newly-recognized rights begins to run on the date the Supreme Court initially recognizes the new right, as opposed to the date on which the right is 'made retroactive.'"); Walker v. Aldridge, No. 18-cv-382, 2018 WL 3240965, *1-2 (W.D. Ok. July 3, 2018); Helms v. Walruth, No. 7:17-cv-30, 2018 WL 662505, *2-4 (W.D. Va. Feb. 2, 2018). A federal habeas petitioner seeking relief under the Supreme Court's decision in Miller had to file a federal habeas petition by June 25, 2013, a deadline the Petitioner did not meet.

Finally, the Petitioner would not be entitled to habeas relief even if his claims were timely filed. Because the Superior Court adjudicated his Miller claims on the merits, AEDPA's standard of review, which is codified at 28 U.S.C. § 2254(d), applies to this Court's review of the Superior Court's decision. It provides, in relevant part, in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

28 U.S.C. § 2254(d)(1).

"A state court decision is 'contrary to' clearly established federal law if the state court (1) 'applies a rule that contradicts the governing law' set forth in Supreme Court precedent or (2) 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different' from that reached by the Supreme Court." Dennis v. Sec'y, Pa. Dept. of Corr., 834 F.3d 263, 280 (3d Cir. 2016) (en banc) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). The Superior Court's adjudication of the Petitioner's claims easily withstands review under the "contrary to" clause of § 2254(d)(1). Williams, 529 U.S. at 406 ("a run-of-the-mill state-court decision

4

applying the correct legal rule from our cases to the facts of a prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause.").

The only remaining inquiry for this Court is whether the Superior Court's determination that the holding in Miller did not extend to the Petitioner because he did not receive a sentence of life without the possibility of parole was "unreasonable" under § 2254(d)(1). It was not. "A state court decision is an 'unreasonable application of federal law' if the state court 'identifies the correct governing legal principle,' but 'unreasonably applies that principle to the facts of the prisoner's case.'" Dennis, 834 F.3d at 281 (quoting Williams, 529 U.S. at 413)). To satisfy his burden under this clause of § 2254(d)(1), the Petitioner must do more than convince this Court that the Superior Court's decision was incorrect. Id. He must show that it "'was *objectively* unreasonable.'" Id. (quoting Williams, 529 U.S. at 409 (emphasis added by Court of Appeals)). "[S]o long as 'fairminded jurists could disagree' on the correctness of the state court's decision[,]" it is not an unreasonable one. Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). See also Dennis, 834 F.3d at 281. The Superior Court's adjudication of the Petitioner's claims was not unreasonable under § 2254(d)(1) because "[s]ection 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; *it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error*." White v. Woodall, 572 U.S. 415, 428 (2014) (emphasis added). Stated another way, this Court cannot conclude that the Superior Court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

Based upon all of the forgoing, the Petitioner's claims are dismissed because they are untimely. However, if this Court could review them on the merits they would be denied because the Superior Court's adjudication of them withstands review under § 2254(d).

**C.    Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether the Petitioner's claims should be dismissed.

**II.**

For the reasons set forth above, the Respondents' motion to dismiss (ECF No. 5) is granted, the Petitioner's claims are dismissed with prejudice, and a certificate of appealability is denied.

An appropriate Order follows.


Dated: August 21, 2018

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

6